UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CELLUSTAR CORP.<br><br>Plaintiffs<br><br>v.<br><br>SPRINT CORPORATION; SPRINT SOLUTIONS, INC.; PR WIRELESS PR, LLC; COMPANY ABC; INSURANCE COMPANIES ABC<br><br>Defendants | CIVIL ACTION NO.<br><br>Removed from:<br><br>Commonwealth of Puerto Rico Court of First Instance, San Juan Section<br><br>No. SJ2019CV04871<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

COME NOW Sprint Corporation ("Sprint Corp."),[1] Sprint Solutions, Inc. ("Sprint Solutions") (jointly "Sprint") and PR Wireless PR, LLC ("PR Wireless") (jointly the "Defendants"), through their undersigned attorneys, and hereby remove to this Court the civil action entitled <u>Cellustar Corp. vs. Sprint Corporation, Sprint Solutions, Inc., PR Wireless PR, LLC, Company ABC, Insurance Company ABC</u>, Civil No. SJ2019CV04871 (the "Action"), filed before the Puerto Rico Court of First Instance, Superior Section of San Juan (the "State Court"). In support of this Notice of Removal, the Defendants state as follows:

---

[1] Sprint Corp. expressly reserves the right to submit a motion to dismiss with this Court, requesting the dismissal of all claims against it because of lack of personal jurisdiction.

## I.   INTRODUCTION

1. The Action was commenced by Cellustar Corp.("Cellustar") with the filing of a Complaint (the "Complaint") before the State Court on May 15, 2019.

2. PR Wireless and Sprint received a copy of the initial pleading in the Action when they were served with process on May 17 and 22, 2019, respectively. Accordingly, this removal is timely under 28 U.S.C. § 1446 (b)(2)(B).

3. True and accurate copies of the pleadings, service of process and orders served on Sprint and PR Wireless with respect to the Action are attached to this Notice of Removal as **Exhibits 1** through **6** (including their corresponding certified translations), in compliance with 28 U.S.C. § 1446(a). Also attached as **Exhibits 7** and **8** are copy and certified translation of Minute issued by the State Court on May 29, 2019.

4. This Court is the proper venue pursuant to 28 U.S.C. § 1391 (b) and (c).

## II.   REMOVAL IS PROPER BECAUSE THE ACTION IS FOUNDED ON A CLAIM ARISING UNDER THE LAWS OF THE UNITED STATES

5. As can be gathered from a review of the Complaint, the same includes several causes of action arising under federal law, specifically, §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and the Robinson-Patman Act, 15 U.S.C. § 13. <u>See</u>, fourth, fifth,

sixth and seventh causes of action of the Complaint, ¶¶87-123 of the Complaint.

7. 6. In light of the above, the Action is founded on a claim under the laws of the United States, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and the Action is removable pursuant to 28 U.S.C. § 1441.

7. In addition, this Court has supplemental jurisdiction over the state law claims included in the Complaint pursuant to 28 U.S.C. § 1367(a), given that the same "arise from the same nucleus of operative facts." Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc., 734 F.3d 28,34 (D.P.R. 2013) (citing BIW Deceived v. Local S6, Indus, Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 833 (1st Cir. 1997)).

### III. REMOVAL IS ALSO PROPER BASED ON DIVERSITY OF CITIZENSHIP

8. This Court has diversity jurisdiction under 28 U.S.C. § 1332 (a).

9. Diversity exists because plaintiff Cellustar is a Puerto Rico limited liability company with its principal place of business in Puerto Rico, Sprint Corp. and Sprint Solutions are Delaware corporations with their principal places of business in Kansas, and although PR Wireless has its principal place of business in Puerto Rico, the same was fraudulently joined as a defendant by Cellustar only to avoid this Court's jurisdiction.

10.   PR Wireless, therefore, must be ignored for purposes of determining diversity jurisdiction, pursuant to 28 U.S.C. § 1441 (b)(2), which states that "(a) civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly** joined and served as defendants is a citizen of the State in which such action is brought." (Emphasis supplied).

A.   <u>**PR Wireless was not properly joined as a defendant**</u>.

11.   When a resident defendant is joined, "the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." <u>See</u>, <u>Sea World, LLC v. Seafarers, Inc.</u>, 191 F.Supp.3d 167, 171 (D.P.R. 2016) ((citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)).

12.   The First Circuit has held that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." <u>Sea World, LLC v. Seafarers, Inc.</u>, 191 F.Supp.3d at 171 (citing <u>Polyplastics, Inc. v. Transconex, Inc.</u>, 713 F.2d 875, 877 (1st Cir.1983)).

13.   Under the doctrine of fraudulent joinder, "removal is not defeated by the joinder of non-diverse defendant where there

is no reason or possibility that the State's highest court would find that the Complaint states of cause of action upon which relief may be granted against a non-diverse defendant." Sea World LLC v. Sea Farers, Inc., F.Supp.3d at 171 (citing Universal Truck and Equipment Cover v. Southworth-Milton, Inc. 765 F 3rd 103, 108 (1st Cir. 2014)).

14.  There is "no reasonable possibility" that the Complaint states a cause of action upon which relief may be granted against PR Wireless.  Even when the term "Sprint" is jointly defined in the Complaint to include Sprint Corporation, Sprint Solutions and PR Wireless, Cellustar's allegations can only be construed as attacking or relating to Sprint Solutions' conduct.  This is true both with respect to Cellustar's allegations regarding the supposed breach of the distribution agreement between Cellustar and Sprint Solutions and the ones based on tort and alleged violations of antitrust laws.

15.  First of all, there is no way that a cause of action can exist against PR Wireless for breach of the distribution agreement between Cellustar and Sprint Solutions when PR Wireless is not a party to such distribution agreement. See, Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (17 (1st Cir. 1998)("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into

the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

16. The above is basically admitted by Cellustar, who pleaded that "[o]n January of 2011, Cellustar and **Sprint Solutions, Inc.** initiated a contractual relationship[.]" (Emphasis supplied). ¶11 of the Complaint. Further, Cellustar alleged that "[t]he contractual relationship between Cellustar and **Sprint Solutions, Inc.** began with the execution on January 2011 of a Prepaid Wireless Product Agreement […] in which Cellustar agreed to be an exclusive distributor and/or master agent of the Boost Mobile and Virgin Mobile products and phones in Puerto Rico." (Emphasis supplied). ¶12 of the Complaint.

17. Aware that PR Wireless was not a party to the distribution agreement and could not, therefore, have breached the same, but eager to improperly join PR Wireless as a defendant, Cellustar grouped Sprint Corp., Sprint Solutions and PR Wireless in its definition of "Sprint" in the Complaint, thus ascribing all acts of one company to the others and making impossible to discern what company did what. The fact remains, however, that, even taking as true all of Cellustar's allegations, it is factually impossible for all Defendants to have acted as alleged by Cellustar. See, Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F.Supp.2d 50, 53 (D. Mass 2014) (deciding that while "group pleadings are not, *prima facie*, excluded by Rule 8(a)[…][,] [a]t

the motion to dismiss stage a complaint generally will only be dismissed where it is 'entirely implausible' or impossible for the grouped defendants to have acted as alleged." (Citations omitted)).

18. That the allegations against PR Wireless are "entirely implausible" is evident from a careful reading of the Complaint. Cellustar, as explained above, admits that the contractual relationship beginning on January 2011 was exclusively between Cellustar and Sprint Solutions. <u>See</u>, §§ 10 and 11 of the Complaint. Cellustar also alleged, however, that PR Wireless was acquired by Sprint in 2017. <u>See</u>, § 38 of the Complaint. It is clear, therefore, that contrary to what the improper grouping of the Defendants implies, PR Wireless could not have committed any acts in detriment of Cellustar before 2017, when it was allegedly "acquired" by Sprint. In other words, there are no time-frame allegations linking PR Wireless to the causes of action alleged in the Complaint.

19. Further, the specific actions that Cellustar's improper grouping of all defendants imply, could not have been committed by PR Wireless. Cellustar alleges that "Sprint" has limited Cellustar's participation in the prepaid phone market by: (1) restricting the product inventory required by Cellustar under the distribution agreement; (2) imposing a $2 transportation fee for equipment under the distribution agreement; (3) not allowing

Cellustar to be the master agent of the stores acquired from Open Mobile under the distribution agreement; and (4) failing to include Cellustar from important incentives and promotional activities under the distribution agreement. <u>See</u>, §§ 18-45 of the Complaint. All of these supposed acts could only have been committed by Sprint Solutions, which, as expressly alleged by Cellustar itself, was the principal in the distributorship agreement.

20. In light of the above, the Defendants respectfully submit that Cellustar has not stated a cause of action against PR Wireless, and, therefore, there is no way that the State Court could have held PR Wireless liable for the grievances alleged by Cellustar.

21. This Court, therefore, can and should determine that PR Wireless was fraudulently joined in the Complaint in an effort to destroy diversity jurisdiction.

22. Because complete diversity exists in the Action and the amount in controversy clearly exceeds $75,000.00, removal is proper pursuant to § 28 U.S.C. 1441.

23. Finally, although the Complaint includes claims against certain unknown defendants, specifically Company ABC and Insurance Companies ABC, the possible citizenship of those unknown defendants must be ignored for purposes of removal pursuant to the express language of 28 U.S.C. § 1441 (b).

WHEREFORE, Sprint and PR Wireless hereby remove this action from the Court of First Instance, San Juan Part, to the United State District Court for the District of Puerto Rico.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of June, 2019.

**RODRÍGUEZ MARXUACH, PSC**
*Attorneys for Sprint Corporation and Sprint Solutions, Inc.*
P.O. Box 16636
San Juan, PR 00908-6636
Tel 787-754-9898
Fax 787-754-9897

/s/Miguel Rodríguez Marxuach
Miguel Rodríguez Marxuach
USDC No. 206011
mrm@rmlawpr.com

/s/María Celeste Colberg-Guerra
María Celeste Colberg-Guerra
USDC No. 227314
mcc@rmlawpr.com

**MORALES & MALDONADO LAW OFFICES, PSC**
*Attorney for PR Wireless, LLC*
Buchanan Office Center
Oficina 306
Carretera 165 #40
Guaynabo, PR 00968-8001
Tel 787-622-4848
Fax 787-622-4849

/s/ Eddie Q. Morales Rivera
Eddie Q. Morales Rivera
USDC No. 207406
eqmorales@emlawpr.com