IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CELLUSTAR CORP.**,<br>   Plaintiff,<br><br>           v.<br><br>**SPRINT CORPORATION ET AL.**,<br>   Defendants. | **CIV. NO**. 19-1559 (SCC-MDM) |

## MINUTE AND OMNIBUS ORDER

A Motion Hearing was held on August 30, 2022. Present were attorneys Herman G. Colberg-Guerra and Christian A. Muñoz-Lugo for Plaintiff and attorneys Miguel J. Rodríguez-Marxuach and María Celeste Colberg-Guerra for Defendants.

The purpose of the hearing was to resolve two pending discovery motions; one filed by the plaintiff, Cellustar Corp. ("Cellustar") and the other filed by defendants Sprint Solutions, Inc. and PR Wireless PR, LLC (jointly "Sprint.") The first motion filed was Sprint's "Motion to compel discovery of documents" (Docket No. 175). The second motion filed was Cellustar's "Opposition to Sprint's motion to compel discovery of documents and motion to compel discovery of information and documents" (Docket No. 180). The Court heard arguments from both parties over the course of approximately five (5) hours and addressed the numerous issues included in both motions. For the reasons announced during the hearing, the Court finds as follows:

Beginning with Sprint's motion at Docket No. 175, the Court notes at the outset that the controversy over the communications and emails between Cellustar employees and representatives and Sprint, PRW, Ingram/Micro, Actify, and/or any of Cellustar's dealers, related specifically to certain events allegedly occurring before the year 2017, which relates to the requests for production of documents #7 and #9, was withdrawn by the movant. The Court therefore finds that issue **MOOT**.

Moving on to the second issue of Sprint's motion, the request for *all* communications and emails between certain specific Cellustar employees and representatives of Sprint, Brightpoint North America L.P. d/b/a Ingram Micro Mobility ("Ingram/Micro"), Actify, LLC ("Actify"), and/or any of Cellustar's dealers, during the period between January 1, 2017, and June 30, 2021, (requests #1 through #5), the motion to compel is **DENIED**. The Court found that the requests are overly broad, too wide sweeping in nature, and have no clear limitation as to the subject matter of the documents requested. Accordingly, counsel for Sprint agreed, and is now **ORDERED**, to re-draft the relevant requests for production of documents tailoring the contents to a specific party, a specific time period, and a specific subject matter for each communication requested. Sprint shall exchange the re-drafted requests by September 5, 2022.

Finally, with respect to the disclosure of communications and documents pertaining to the settlement agreement between Cellustar and DISH Wireless LLC ("DISH") in this litigation, including the disclosure of the settlement agreement itself (request #13), the Court took the matter under advisement and **ORDERED** Cellustar to produce the settlement agreement for an in-camera review to determine whether its disclosure is warranted. The Court voiced its apprehension to grant a motion to compel the production of a settlement agreement absent a strong showing of relevancy and need. The Court further noted that, based on Sprint's arguments, it appeared that the information which Sprint hopes to find within the confines of the settlement agreement could probably be obtained through a well-tailored interrogatory or deposition. Counsel Miguel J. Rodríguez-Marxuach indicated that he is particularly interested in seeing if the settlement agreement addresses Cellustar's desire to withdraw from the market as a master agent and continue solely as a dealer. Cellustar is **ORDERED** to submit *ex parte* a copy of the settlement agreement at issue for an in-camera review by September 5, 2022.

Moving on to Cellustar's motion to compel at Docket No. 180, the same is **DENIED without prejudice**. The parties and the Court discussed each interrogatory and the objections thereto *ad nauseum*. In the end, the Court suggested, and the parties agreed, to conduct a further meet and confer session to streamline each request and resolve in good faith all pending disputes. Concerning the scope of discovery, the

Court **concluded** that to the extent that Sprint limited *sua sponte* its answers to interrogatories and requests for production of documents to January 2017, the Court **ORDERED** Sprint to revisit its prior production and expand the discovery exchanged to include documents and information spanning from January 2015 through June 30, 2021 (the date of divestiture.)

The Court concluded the hearing by noting that the parties are amenable to discussing settlement. **They therefore requested that the Court schedule an Initial Settlement and Scheduling Conference so that a clear discovery timetable can be set.** In addition, the parties were admonished not to inundate the Court with paper hoping to resolve their differences with discovery. If a dispute arises, they should consider requesting an audience with the Court and avoid the need to have to draft pages upon pages of written motions.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August 2022.

_____
MARSHAL D. MORGAN
United States Magistrate Judge