**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Cellustar Corp., | |
| Plaintiff, | **Civil No. 19-01559 (GMM)** |
| v. | |
| Sprint Solutions, Inc.; PR Wireless Pr, Llc; et al, | |
| Defendants. | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Sprint Solutions, Inc. and PR Wireless PR, LLC's ("Sprint") *Motion to Compel Discovery* ("Motion to Compel"). (Docket No. 277).  Sprint requests the production of a settlement agreement between plaintiff Cellustar Corp. ("Cellustar") and DISH Wireless L.L.C.[1] ("DISH"), and an asset purchase agreement ("APA") between Cellustar and Debit Connections Inc. ("DCI"), an affiliate of DISH. Sprint's request stems from its belief that the information sought is highly relevant to its defense since Cellustar's expert documented the sale of Cellustar's distribution business as a partial recovery of "the expected total estimated value of its original business." *See* (Docket No. 277 at 3). Furthermore, Cellustar's expert allegedly calculated lost profits a year beyond the date Cellustar sold its

---

[1] Claims against DISH were dismissed on October 4, 2021. *See* (Docket No. 172).

distribution business to DCI and settled it claims with DISH. *See* (id.).

## I. BACKGROUND

Allegedly, in January 2011, Cellustar and Sprint commenced a long-term contractual relationship. *See* (Docket No. 95 at 3 ¶ 9). There, Cellustar and Sprint agreed that Cellustar would become a distributor or exclusive master agent of Sprint's Boost Mobile brand in Puerto Rico and the U.S. Virgin Islands. *See* (id. ¶ 10). According to Cellustar, originally other companies such as Actify LLC ("Actify"), distributed the Boost Mobile brand in Puerto Rico. *See* (id. ¶ 13). With time, Actify became the only master agent in Puerto Rico for the Boost Mobile brand in Puerto Rico. *See* (id. at 4 ¶ 13). However, because Actify allegedly did not reach the expected sales volume, Sprint hired Cellustar as a distributor. *See* (id.).

Cellustar allegedly managed to develop and expand sales of Boost Mobile in Puerto Rico and the U.S. Virgin Islands and became the largest distributor of Boost Mobile phones and products by 2018. *See* (id. ¶ 14). Despite Cellustar's success, Cellustar alleges that Sprint engaged in a pattern of discrimination that harmed Cellustar's business and benefited Actify, Cellustar's sole competitor. (Docket No. 95 at 5-14 ¶¶ 16-67).

Eventually, in July 2020, DISH acquired the Boost Mobile business from Sprint. *See* (id. at 12 ¶ 62). In July 2021, Cellustar sold its distribution business to an affiliate of DISH, DCI, by means of the APA, which ultimately ended Cellustar's distribution of Boost Mobile products and services. *See* (Docket Nos. 277 at 2; 95 at 12 ¶ 62).

A.    Sprint's Motion to Compel

According to Sprint, Cellustar produced an expert report on June 14, 2024. *See* (Docket No. 227 at 2). Therein, Cellustar's expert "includes as part of its damages estimate Cellustar's lost profits for the years 2018 through 2022 – which is two years beyond the date when Sprint sold its Boost Mobile business to DISH and one year after Cellustar sold its distribution business to DCI." (Id. at 2-3). Furthermore, Cellustar's expert claims that "[t]he recovery realized by Cellustar during 2021, *only partially covered the expected total estimated value of its original business*." (Id. at 3) (*quoting* Cellustar's Expert Report at 40) (emphasis supplied). Sprint also claims that Cellustar's "purported damages now include the potential incremental revenues it allegedly would have received from DCI for its distribution business, as well as purported reduction in its goodwill and the overall value of its business when it was sold in July 2021." *See* (id.). Sprint, thus, claims that the information contained in the APA with DCI, and the

settlement agreement with DISH, is highly relevant to determine whether Cellustar mitigated its damages and to challenge the accuracy of the lost profits estimate in Cellustar's expert's report. *See* (id.).

Cellustar opposed Sprint's Motion to Compel on three arguments: (1) that on November 30, 2021, Sprint had already sought the production of the settlement agreement between Cellustar and DISH, as well as communications and documents related to the same, and the Court denied Sprint's request after an in-camera review of the settlement agreement, s*ee* (Docket No. 175); (2) that Sprint did not make a showing of relevancy in its Motion to Compel; and (3) that Cellustar already provided Sprint the information it seeks to discover, namely the purchase price paid by DCI and any monetary consideration that Cellustar may have received from DISH.

## II. <u>DISCUSSION</u>

The Federal Rules of Civil Procedures dictate that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). "The range of discovery is thus extremely broad." <u>Parker Waichman LLP v. Salas LC</u>, 328 F.R.D. 24, 26 (D.P.R. 2018) (*citing* <u>Bennett v. La Pere</u>, 112 F.R.D. 136, 138 (D.R.I. 1986)). However, it is the party seeking discovery that must "make a showing, as meager as that may

be, of relevance." Romero-Acosta v. Bottles, Kindred Spirits, Inc., Civ. No. 23-1163 (JAG/BJM), 2024 WL 4425869, at *2 (D.P.R. Oct. 4, 2024) (*quoting* Ramos v. Vizcarrondo, Civ. No. 14-1722 (GAG), 2016 U.S. Dist. LEXIS 192884, 2016 WL 9460635, at *1 (D.P.R. Apr. 25, 2016)). If the burden is met, then the party opposing discovery must specifically show that the discovery sought is irrelevant, overly broad, burdensome, or oppressive. *See* Autoridad de Carreteras y Transportación v. Transcore Atlantic, Inc., 319 F.R.D. 422, 427 (D.P.R. 2016) (*quoting* Sánchez-Medina v. UNICCO Service, Co., 265 F.R.D. 24, 27 (D.P.R. 2009)). Boilerplate, general objections are insufficient. *See* id.

Sprint's premise is simple, Cellustar's expert used information contained in the APA to justify the purported damages suffered by Cellustar. Furthermore, Sprint posits that the settlement agreement between Cellustar and DISH contains considerations, monetary or otherwise, that are relevant to pinpoint if Cellustar mitigated the damages being claimed by Cellustar's expert. Sprint met its burden of showing the relevance of the documents it seeks.

Cellustar's opposition to Sprint's Motion to Compel focuses on the Court's order denying Sprint's *Motion to Compel Discovery of Documents* (Docket No. 208) through which it sought, among other things, the production of the settlement agreement between

Cellustar and DISH. *See* (Docket No. 175). There, Sprint's request was premised on its alleged need to know whether the settlement agreement referenced Cellustar's intention to withdraw as a master agent. *See* (Docket Nos. 204 at 2; 287 at 3; 292 at 1). But the Court's denial of Sprint's *Motion to Compel Discovery of Documents*, and the context of such denial, is inapposite here. Not only is Sprint premising its discovery request on different grounds, but it also requests the APA, which was not part of the prior motion to compel. So, the Court's denial then, does not control its decision now.

In any case, Cellustar failed to show why the information sought by Sprint in both the settlement agreement and in the APA is irrelevant, or burdensome. Cellustar's objections are insufficient.[2] The Court need not go further.

### III. <u>CONCLUSION</u>

The Court **GRANTS** Sprint's Motion to Compel. Cellustar shall produce, within 14 days: (1) all non-privileged documents, e-mails and/or any other communication relating to the sale of Cellustar's Boost Mobile business as a master agent to DCI, including the asset purchase agreement; and (2) all non-privileged documents referring

---

[2] The Court notes that Cellustar dedicated a portion of its argument to settlement communications. Cellustar's arguments in this regard are inapposite. Sprint does not request the production of communications that occurred during the settlement negotiations between Cellustar and DISH.

**Civil No. 19-01559(GMM)**
**Page -7-**

or relating to the settlement agreement entered between Cellustar and DISH.

IT IS SO ORDERED.

In San Juan, Puerto Rico, December 12, 2024.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE