**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CELLUSTAR CORP.,

        Plaintiff,

           v.

SPRINT SOLUTIONS INC., *et al*.

        Defendants.

**Civil No. 19-1559 (GMM)**

## MEMORANDUM AND ORDER

Before the Court is the issue of whether to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's remaining state-law claims.[1] The Court previously deferred ruling on this matter and heard oral argument from both parties, each of whom urged the Court to retain jurisdiction over the pending claims arising under Puerto Rico's Law 75 and Civil Code. Upon careful consideration of the parties' arguments, the procedural posture of this case, and the relevant statutory factors, the Court concludes that the exercise of supplemental jurisdiction is warranted.

As the First Circuit explained in Redondo Construction Corp. v. Izquierdo, "[i]nterests in judicial economy, convenience, and fairness weighed overwhelmingly in favor of the court's exercising

---

[1] Sections 2, 4, 7, and 8 of the Puerto Rico Dealers Act ("Law 75"), P.R. Laws Ann. tit. 10, § 278, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

Civil No. 19-1559 (GMM)
Page -2-

its jurisdiction." 662 F.3d 42, 50 (1st Cir. 2011). Those same considerations apply here. This case has progressed well beyond its initial stages, and substantial discovery has already been conducted. As in Redondo, "nearly all of the extensive discovery taken was relevant not only to [the federal claims], but also to [the] claims under Puerto Rico law." Id. Moreover, the pending claims share "virtually the same factual basis" as the federal claims already adjudicated by this Court at summary judgment, (Docket No. 339), such that retaining jurisdiction would avoid duplicative proceedings and conserve the parties' resources. Id. (*citing* Tomaiolo v. Mallinoff, 281 F.3d 1, 11 (1st Cir. 2002) (finding that the exercise of supplemental jurisdiction "furthered judicial economy" because "all claims arose from the same core of facts")).

The Court is also mindful that declining jurisdiction at this stage would impose significant burdens on the parties. Namely, "[r]efusal to exercise jurisdiction over the local law claims" after discovery has concluded "impose[s] huge burdens." Redondo, 662 F.3d at 50. Indeed, "given the age and advanced stage of the litigation, the common factual basis for [the] claims under Puerto Rico and federal law, and the enormous expense [the parties] would incur in redoing the discovery and trial preparation," dismissal of the state-law claims would be "both wasteful and enormously harmful." Id.

**Civil No. 19-1559 (GMM)**
**Page -3-**

Similarly, in Roche v. John Hancock Mutual Life Insurance Co., the First Circuit approved the exercise of supplemental jurisdiction where "[t]he litigation had matured well beyond its nascent stages, discovery had closed, the summary judgment record was complete, the federal and state claims were interconnected, and powerful interests in both judicial economy and fairness tugged in favor of retaining jurisdiction." 81 F.3d 249, 257 (1st Cir. 1996). Those same circumstances are present here.

In light of the foregoing, and having considered the statutory factors under 28 U.S.C. § 1367(c), the Court finds that judicial economy, convenience, fairness, and comity weigh in favor of retaining jurisdiction over the remaining state-law claims. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiffs' claims arising under Puerto Rico law and will issue an *Opinion and Order*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this May 11, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE